```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

 FEDERAL NATIONAL MORTGAGE
 ASSOCIATION,
                                            MEMORANDUM & ORDER
                     Plaintiff,             1:24-cv-04569(EK)(LKE)


              -against-

 AZ 400 HERKIMER LLC, et. al,

                     Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        AZ 400 Herkimer LLC has filed a letter informing the Court of its pending bankruptcy case, *In re Az 400 Herkimer*, Case No. 24-44566 (Bankr. E.D.N.Y). *See* ECF 25. In light of that proceeding, plaintiff's claims against AZ 400 are automatically stayed. *See* 11 U.S.C. § 362(a).

        AZ 400 goes on to argue that the automatic stay should extend to its codefendants in this case. *See* ECF 27, 29, 33. It is far from clear, however, that the stay should be extended that far. AZ 400 invokes *In Re Fogarty*, 39 F.4th 62, 73 (2d Cir. 2022) (automatic stay violated by foreclosure sale where debtor was a named defendant and had a possessory, but not financial, interest in the property of the estate). Even after *Fogarty*, however, courts in this circuit have generally stayed proceedings against non-debtor codefendants "only when a claim

against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Saraf v. Ebix, Inc.*, No. 23-cv-1182, 2024 WL 1298246, at *1 n.1 (2d Cir. Mar. 27, 2024) (quoting *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003)); *see also CDS Bus. Servs., Inc. v. H.M.C. Inc.*, No. 19-cv-5759, 2023 WL 3847415, at *9 (E.D.N.Y. Apr. 28, 2023) (rejecting application of the automatic stay to a guarantor and noting a "Section 362 stay is not ordinarily extended to entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor"). And *In re Roman Cath. Diocese of Rockville Ctr., New York*, 651 B.R. 622 (Bankr. S.D.N.Y. 2023), the primary case that AZ 400 relies on for its reading of *Fogarty*, does not dictate a contrary outcome, as the bankruptcy court in *Diocese* extended the stay to non-debtor codefendants based on the agreement of the creditors' committee. *Id.* at 646.

Nevertheless, the claim against Defendant Ahmed for a "deficiency" judgment cannot be adjudicated until the foreclosure action and sale conclude. This case is therefore administratively stayed until the bankruptcy case concludes, absent further direction from the Court. See *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). The parties are directed to file a letter providing an update as to the status of the bankruptcy proceedings by April 30, 2025, or within a week of the

conclusion of the bankruptcy proceedings, whichever occurs first.

    SO ORDERED.

                                                       /s/ Eric Komitee
                                                ERIC KOMITEE
                                                United States District Judge

Dated:    December 2, 2024
              Brooklyn, New York